UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIN DUNSTON, | No. 2:12-cv-0650-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Presently pending before the court is counsel for plaintiff Darrin Dunston's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b), filed on November 25, 2015. (ECF No. 27.) On January 25, 2016, the Commissioner filed an advisory response to the motion. (ECF No. 30.) For the reasons discussed below, the court GRANTS the motion.

BACKGROUND

The facts and procedural history of this case were extensively outlined in the court's previous orders and need not be repeated here. (See, e.g., ECF No. 21.) Briefly stated, on June 12, 2013, the court remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Id.) Pursuant to the parties' stipulation, the court also awarded attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA") in the amount of $6,300.00. (ECF No. 26.)

1

Following this court's remand, on October 23, 2014, an administrative law judge ultimately issued a fully favorable decision, finding that plaintiff had been disabled as of May 11, 2007. (See ECF No. 27 at 2-3.) Thereafter, plaintiff's counsel filed the instant motion for attorneys' fees under 42 U.S.C. § 406(b). (ECF No. 27.) Plaintiff's counsel seeks an award of $12,600.00, subject to counsel's payment to plaintiff of the EAJA fees previously awarded. (Id.)

DISCUSSION

42 U.S.C. § 406(b) provides, in part, that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The United States Supreme Court has held that auxiliary back benefits (benefits payable to the claimant's dependents) are included in the total amount of back benefits to be considered for purposes of attorneys' fees under 42 U.S.C. § 406(b). Hopkins v. Cohen, 390 U.S. 530 (1968).

The Commissioner typically does not act as an adversary, but instead as an adviser to the court with respect to fee requests under 42 U.S.C. § 406(b). Crawford v. Astrue, 586 F.3d 1142, 1144 n.2 (9th Cir. 2009) (en banc) ("The Commissioner plays a part in the fee determination resembling that of a trustee for the claimants"). Indeed, the Commissioner filed an advisory response to plaintiff's counsel's motion (ECF No. 30), which the court has reviewed and finds of great assistance in evaluating plaintiff's counsel's fee request. However, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." Crawford, 586 F.3d at 1149.

////

1    In Crawford, the Ninth Circuit Court of Appeals extensively discussed how the
2 reasonableness of the fee within the 25% cap is to be determined.  The court noted that although
3 the Ninth Circuit had previously utilized the lodestar method to determine the reasonableness of
4 fees under 42 U.S.C. § 406(b), i.e., "by multiplying the reasonable hourly rate by the number of
5 hours reasonably expended on the case" with consideration of possible enhancements, the
6 approach changed after the United States Supreme Court's decision in Gisbrecht v. Barnhart, 535
7 U.S. 789 (2002).  Crawford, 586 F.3d at 1148.  The Ninth Circuit observed that:

> In *Gisbrecht*, the Supreme Court flatly rejected our lodestar approach.  The court explained that we had "erroneously read § 406(b) to override customary attorney-client contingent-fee agreements" when we approved the use of the lodestar to determine a reasonable fee, *Gisbrecht*, 535 U.S. at 808-09, 122 S.Ct. 1817.  The Court held that a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect "the primacy of lawful attorney-client fee agreements," *id.* at 793, 122 S.Ct. 1817, "looking first to the contingent-fee agreement, then testing it for reasonableness," *id.* at 808, 122 S.Ct. 1817.  The Court noted that courts that had followed this model had "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.*  A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case." *Id.*  "[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases. *Id.*  The attorney bears the burden of establishing that the fee sought is reasonable. *Id.* at 807, 122 S.Ct. 1817.

21 Id.  Thus, performance of the district court's duty to assure reasonableness of the fee "must begin,
22 under *Gisbrecht*, with the fee agreement, and the question is whether the amount need be reduced,
23 not whether the lodestar amount should be enhanced." Id. at 1149, 1151 ("the district court must
24 first look to the fee agreement and then adjust downward if the attorney provided substandard
25 representation or delayed the case, or if the requested fee would result in a windfall").
26    In this case, after carefully considering the fee agreement and the applicable law, the court
27 finds plaintiff's counsel's requested fees to be reasonable.  In support of his motion for attorneys'
28 fees under 42 U.S.C. § 406(b), plaintiff's counsel attached a fee agreement which provided for a

3

contingent fee of 25% of any past due benefits awarded in plaintiff's case. (ECF No. 27-1.) Plaintiff's counsel also provided copies of a February 15, 2015 Notice of Award of $125,914.00 in past due benefits to plaintiff, and a June 7, 2015 Notice of Award of $31,201.00 in past due child's benefits to plaintiff's daughter. (ECF Nos. 27-2, 27-3.) As noted above, plaintiff's counsel seeks an award of $12,600.00, which is only about 8% of the total past due benefits awarded in plaintiff's case, and far less than the 25% of total past due benefits that plaintiff agreed to in the fee agreement.[1] Additionally, there is no indication that plaintiff's counsel performed substandard work or unduly delayed the case. Furthermore, the benefits awarded (and the corresponding fees requested) are not inappropriately large in comparison to the amount of time counsel spent on the case. Here, plaintiff's counsel spent approximately 36.2 hours on the case, and if the court were to award the requested $12,600.00, plaintiff's counsel would have earned a hypothetical hourly rate of about $348.00. That hourly rate is reasonable, especially given the contingent nature of section 406(b) fees. As such, the requested fees would not result in a windfall to plaintiff's counsel. Indeed, the court notes that the Commissioner, in its advisory capacity, also declined to dispute the propriety of the amount of fees requested by plaintiff's counsel.

       Consequently, the court awards plaintiff's counsel $12,600.00 in attorneys' fees pursuant to 42 U.S.C. § 406(b). Such amount shall be paid by the Commissioner directly to plaintiff's counsel to the extent that withheld past due benefits are still available and unexhausted. If the withheld funds are somehow insufficient to cover the entire award, plaintiff's counsel must look to plaintiff for the recovery of any excess fees. However, if any amount of withheld past due benefits, including any auxiliary past due benefits payable to plaintiff's daughter, remains after payment of counsel's fee award, the Commissioner shall disburse such funds to the appropriate recipient.

       Additionally, plaintiff's counsel shall promptly pay to plaintiff the sum of $6,300.00 that

---

[1] $125,914.00 (plaintiff's past due benefits) added to $31,201.00 (plaintiff's daughter's past due benefits) equals $157,115.00 in total past due benefits awarded. In turn, $12,600.00 (the fees requested by plaintiff's counsel) divided by $157,115.00 (the total past due benefits awarded) equals approximately 0.08, i.e., 8%.

was previously awarded pursuant to the EAJA.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (ECF No. 27) is GRANTED.
2. Plaintiff's counsel is awarded $12,600.00 in attorneys' fees pursuant to 42 U.S.C. § 406(b), to be paid in accordance with the terms of this order.
3. Plaintiff's counsel shall promptly pay to plaintiff the sum of $6,300.00 that was previously awarded pursuant to the EAJA.
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: January 29, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE